# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CINDY L. FRANCO and )
RANDY FRANCO, )
wife and husband, )
          )
        Plaintiffs, )
          )
v. )    C.A. No. N17C-05-162 CEB
          )
ACME MARKETS, INC., )
 a Delaware corporation, and )
KELLERMEYER BERGENSONS )
PROPERTY SERVICES, LLC, )
          )
        Defendants. )

Submitted:  April 6, 2018
Decided:  November 7, 2018

## MEMORANDUM OPINION

*Upon Consideration of Defendant's Motion to Dismiss*
**DENIED.**

Gary S. Nitsche, Esquire, and William Stewart, III, Esquire, Gary S. Nitsche, P.A., Wilmington, Delaware. Attorneys for Plaintiffs.

Michael J. Logullo, Esquire, Rawle & Henderson, LLP, Wilmington, Delaware. Attorney for Defendant,  Kellermeyer Bergensons Property Services, LLC.

BUTLER, J.

## INTRODUCTION

This dispute concerns the timing of the amendment to a Complaint, the statute of limitations and the proper construction of De. R. Civ. P. Rule 15(c)(3). As the Court understands it, here is the problem.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff complains that she slipped and fell while inside of an Acme store on September 30, 2015.[1] Her lawyers filed a lawsuit against Acme on May 10, 2017.[2] So far, all is well as the statute of limitations for a personal injury claim is concededly 2 years and would not expire until September 30, 2017.[3]

Acme duly answered the Complaint and, somewhere between the Answer and/or the initial responses to interrogatories, Acme gave plaintiff notice that Acme contracts with a floor cleaning company, identified now as "KBS," a company out of California, to maintain the floors.[4] Plaintiff notified KBS of her Complaint on December 29, 2017.[5] Thus, the notice to KBS came after the statute of limitations

---

[1] Pl.'s Response to Def. Bergensons Property Serv., LLC's Mot. To Dismiss at 1.

[2] Def. Bergensons Property Serv., LLC's Mot. To Dismiss at 2.

[3] 10 Del. C. §8107

[4] Plaintiff initially identified the company as Bergensons Property Services, LLC in her Amended Complaint. By stipulation, she amended the defendant name to Kellermeyer Bergensons Services LLC. At argument, counsel for this defendant identified its successor as "KBS" For ease of reading, the Court will refer to the defendant throughout as KBS.

[5] Def. Bergensons Property Serv., LLC's Mot. To Dismiss at 2.

1

had expired but less than 120 days thereafter. Plaintiff also amended her Complaint, adding KBS as an additional defendant.[6]

KBS has moved to dismiss the complaint. Its argument relies heavily on a construction of the relation back doctrine, articulated in our Civil Rule 15. So to that we will now turn.

## STANDARD OF REVIEW

We review a Motion to Dismiss pursuant to Superior Court Rule 12(b)(6) by accepting all well-pled facts as true.[7] "Well-pled means that the Complaint puts a party on notice of the claim being brought. If the Complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied."[8]

## DISCUSSION

Rule 15 provides that an Amended Complaint adding a new party "relates back to the date of the original pleading" provided it (1) relates to the same "conduct transaction or occurrence" set forth in the original pleading and (2) "within the period provided by statute or these Rules for service of the summons and complaint,"

---

[6] Def. Bergensons Property Serv., LLC's Mot. To Dismiss at 2.

[7] *Wells Fargo Bank, NA v. Strong,* 2015 WL 9594717 (Del. Super. Ct. Dec. 22, 2015).

[8] Id.

the party sought to be added received notice of the action and (3) knew or should have known that but for a mistake, it would have been named initially.

Here, KBS does not dispute that the Amended Complaint relates to the same incident and does not dispute that it received notice within 120 days after the expiration of the statute of limitations, and that not naming it was a mistake, but for which KBS would have been named in the initial Complaint.

KBS does contend that it did not receive the notice "within the period provided by statute or these Rules for service of the summons and complaint."[9] As KBS reads this phrase, it is disjunctive. That is, the notice of the amendment must be EITHER (1) within the 2 year statute of limitations, OR (2) within 120 days – the time for service of a summons and complaint .

So, under KBS' reading of the rule, Plaintiff's lawsuit, filed in May, 2017, could only be amended until either September 10, 2017 (120 days after the filing of the complaint), or September 30, 2017 (when the statute of limitations ran). Thus, it argues, a complaint served in December, 2017 cannot relate back.

Unfortunately, KBS is unable to cite to any case supporting this construction, but believes the Superior Court decision in *Walker v. Handler* is helpful.[10] The Court agrees it is helpful, just not to KBS.

---

[9] Super. Ct. Civ. R. 15(c)3.

[10] 2010 WL 4703403, at *3 (Del. Super. Ct. Nov. 17, 2010).

3

*Walker v. Handler* was a personal injury suit brought against a pizza delivery driver.[11] Plaintiff filed his complaint the day before the statute of limitations expired.[12] It named Handler and the name on the car he was driving, Nino's Pizza, as defendants. Not long afterward, Plaintiff learned that Nino's Pizza was simply a trade name and the "real" entity was Diomede Enterprises.[13] After the limitations period had expired – but before 120 days thereafter had lapsed -- Plaintiff amended the complaint to name Diomede. Diomede sought dismissal since the statute of limitations had expired when it was added. The Court denied the motion, noting particularly that:

> The only reasonable interpretation of Rule 15(c)(3), as amended, is that the party subject to amendment may be added (or substituted) if that party received notice of the claim within the 120 days permitted for service of a complaint *following termination of the relevant statute of limitations*. Under this circumstance, the amendment relates back to the date of the original pleading. Rule 15(c) should not be used to bar a party from pursuing a cause of action because of technical infirmities if the claim can fairly be decided on the merits without prejudice to the defendant.[14]

---

[11] Id.

[12] *Walker v. Handler*, 2010 WL 4703403, at *3 (Del. Super. Ct. Nov. 17, 2010).

[13] Id.

[14] *Walker v. Handler*, 2010 WL 4703403, at *3 (Del. Super. Ct. Nov. 17, 2010) (citations omitted) (emphasis added).

It is hard to find anything in that quote for KBS to cheer about. It pretty clearly holds Rule 15(c)(3) effectively extends the statute of limitations by 120 days. Indeed, other cases have said so explicitly.[15]

*Walker v. Handler* also points us to something important about the lineage of Rule 15(c).

In 1993, former Rule 15 declared that any amendment adding a party could only be brought if it was done "within the period provided by law for commencing an action against the party." There was no 120 days "grace period."

The Court agrees with the *Walker v. Handler* Court that the addition of "or these Rules for service of the summons and complaint" to Rule 15(c) was intended to cover those situations in which the need for an amendment to the complaint was not discovered until after the statute had expired.[16]

Nonetheless, defendant urges that the 120 extension period only applies in cases initially filed upon the expiration of the statute of limitations.[17] If the case,

---

[15] *E.g., Parker v. State*, 2003 WL 24011961 at *7 ("The effect of the relation back segment of Rule 15 is to 'enlarge' the statute of limitations period").

[16] A case with very similar legal parallels to *Mullen* is the U.S. Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21 (1986). The intensely curious will find a fuller expose on the genesis of the "grace period" in Federal Rule 15(c) in Brussack "Outrageous Fortune: The Case for Amending Rule 15(c) Again" 61 S. Cal. L. Rev. 671 (1988).

[17] Def. Kellermeyer Bergensons Serv., LLC's Reply in Supp. of Mot. to Dismiss at 2.

as here, was brought before then, defendant says the extension lasts only for 120 days after the complaint was initially filed.

It seems self-evident that a rule governing the relation back of a new pleading to a prior pleading would have but one purpose: avoiding a limitations period that would otherwise apply if the prior pleading were deemed improper for technical, remediable reasons. A rule limiting relation back of an amendment to 120 days of initial filing, regardless of the statute of limitations, serves no purpose at all. Defendant's construction divorces Rule 15(c) from the statute of limitations – the very reason for its existence – and asks the Court to engage in grammatical diagramming without regard to what the sentence seeks to accomplish.

If the plaintiff seeks to amend his suit to name an additional defendant, all within the statute of limitations, it would seem that whether the amendment relates back to the initial filing or not is of no moment. The only time relation back matters is when the statute of limitations has run. But if the statute has run, it would seem that is all that matters, not the date of filing the original complaint. Timing the amendment to 120 days after the filing of the lawsuit and not the statute of limitations leaves the sentence in search of meaning.

On the other hand, a reading that allows amendment to any complaint – regardless of its filing date -- to relate back so long as the amendment is filed within the statute of limitations or 120 days thereafter, so long as the other criteria of Rule

15 are met, is consistent with the overall policy of the rules to ensure resolution of disputes on their merits. In sum, defendant argues for a reading of the rule that makes almost no sense from a policy perspective and only a little to a grammarian. And all of this without support in the case law. The Court will therefore deny the motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, Defendant Kellermeyer Bergensons Property Services, LLC's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Charles E. Butler, Judge

7